The opinion of the court was delivered by
Gibson, J.
As the matters contained in the first bill of tions were offered again in a subsequent stage of the cause, and admitted, it is unnecessary to say any thing with respect to the propriety of their rejection when first offered. There is, however, another bill of exceptions which it is necessary to consider. The defendant below had given in evidence his books of original entries a part of which was in the hand writing of his son Charles *158 B. Crouse, who was not called, being out of the state; and the plaintiff proposed to examine a witness to his general character for honesty: which he was permitted to do, and the defendant excepted.
Books of original entries are at best a dangerous kind of evidence. They are admissible on grounds of necessity, not of convenience: and the decisions in their favour have already gone as far as expediency can require, or prudence justify. Such books are barely competent, and although they often afford perfectly satisfactory evidence, yet being the act of the party using them, and affording extraordinary facilities to the practice of deception in a way that renders detection difficult, they are entitled to no peculiar protection, but are liable to have their credibility impeached by every means in the power of the opposite party. It is obvious that the books of a man notorious for roguery, ought not to claim any thing like the degree of respect which is due to the books of a man who has established a character for honesty and fair dealing: and although the point under consideration is in some measure new, I would not hesitate, were analogous principles wanting, to decide it on the principles of common sense. There are decisions, however, that contain a principle which when applied to this point, fully decides it. Where the subscribing witness to a will ora deed impeaches it on the ground of fraud, and accuses another subscribing witness, who is dead, of having been an accomplice, the party claiming under it may give evidence of the general good character of such deceased witness, and this on the ground that if living he might have been examined, when if his character had been attacked it might have been defended in the same way. The handwriting of a witness is less satisfactory than his oath, and is competent from necessity only when his oath cannot be had; and standing in the place of the oath, it derives its claim to respect from the considera-, tion that the law presumes every man honest till the contrary appears. Here had Charles B. Crouse been present these books would not have been evidence without his oath; and the next best evidence having been given in his absence, his character was open to the same kind of animadversion that it would have been subject to if he had been a witness in the cause. But it is objected that if he had been a witness, his character for honesty could not have been inquired into, but only his character for veracity. It is true that if the books had been attested by his oath, his oath might have been impeached on the ground of veracity; but I will not say that the books might not also be impeached on the ground of want of honesty. Here however the books were not attested by his oath, but by evidence of his handwriting; and deriving all their claim to respect from his character, whatever affected the one, very fairly had a direct tendency to affect the other.
An objection is made to the declaration, that the action is for use and occupation by the permission of the plaintiff for a term of years, and thatit is so laid as to be apparent that the term could *159 not have elapsed between the period of its commencement as laid, and tne inception of the suit. This is a defect which would have been fatal on demurrer, but it is cured by the verdict. No part of the action should appear to have accrued after the commencement of the action; but where it does there is it is said this distinction: If the matter be expressly andpositively averred, the judgment will be arrested; but if it comes in under a scilicet or is insensible or impossible, it will not be intended that the jury gave damages on account of it; and therefore the declaration will be well enough after verdict, Chitty Plead.259. 2 Saund. 171, c. note. Here it is not affirmatively laid that the defendant actually held during the whole term, but only that the plaintiff permitted him to “ hold, use, and occupy for the term of four years;” which without any violence of construction may be understood to mean that he permitted him to hold as of and for the term specified: and if so, as the compensation foi the use of the premises was payable quarterly, the plaintiff might well recover what was actully due. In Yalden v. Hubburb, Com. Rep. 231, where the action was for diverting a water course per quod the plaintiff lost the use of it till a period posterior to the issuing of the writ, the Common Pleas held it was impossible that the jury could have given damages for the time elapsed after the bringing of the suit: and that where it is impossible on the face of the declaration that any part of the cause of action could have accrued after the impetration of the writ, the defect cannot be taken advantage of in arrest of judgment. But in Hambleton v. Veere, 2 Saund. 169, which was an action for seducing the plaintiff’s apprentice from his service, whereby he lost the benefit of his service “for all the residue of the said term to come,” the jury assessed damages generally, and the judgmentwas arrested because it appeared the term had not expired when the action was commenced. These two cases are contradictory, and as well as all the others on the subject, irreconcilable as appears to me, on the ground of the distinction above stated, as drawn by Sergeant Williams and followed by Mr. Chitty. I incline to adopt those which tend to support the pleadings after a trial on the merits, and obviate the necessity of a reversal on ground merely technical and formal. In the case before us there is no exception to the other counts of the declaration, and the judgment is affirmed.
Judgment affirmed.