## BATH ET AL. *v.* LINDENMYER.

ESTOPPEL—PLEA IN BAR.—Defendant in error sued the plaintiff in error for one year's rent of certain real estate. Upon the trial it appeared that the year had not expired, and that only a portion of the rent was due, and the court ordered judgment for that amount only. Suit was subsequently commenced between the same parties for the remainder: *Held*, that the judgment in the first case, although the petition therein prayed for all the rent, was no bar to the prosecution of the second suit.

ERROR to the Second District Court for Albany County.

The facts sufficiently appear in the opinion of the court.

*T. J. Street and S. W. Downey,* for plaintiff in error:

The errors we rely on are shown by a motion for a new trial, and are substantially: 1. That in this trial the court erred in giving to the jury the instructions to the effect that the claim of the defendant in error had not been adjudicated; 2. That the court erred in refusing to give to the jury the instruction requested by the plaintiffs in error, to the effect that the claim had been adjudicated, and that the defendant in error was hereby estopped from recovering in his action; and, 3. That the court erred in overruling the motion for a new trial.

It will be observed that the action in this case is based upon a written lease—that a previous judgment had been rendered thereon—that the defendant in error moved for a new trial in that action, which was overruled, and the defendant in error did not except, but filed a bill of exceptions to instructions given, and no further action was taken by the defendant in error (except after the motion for new trial made by him was overruled) to move for judgment on the verdict, which was granted. We have, therefore, the strange legal anomaly presented in a twofold form of a party seeking to evade the law of estoppel: 1. Trying to recover a second time in an action involving like issues

upon the same obligation; and, 2. Seeking to recover judgment in a new action upon the same instrument, after waiving the objections in the first action by reaping the benefits thereof, in taking judgment against his own motion. Comment or citation of authorities would seem superfluous, but see the case of *Doe* v. *Oliver,* and the *Duchess of Kingston's case,* 2 Smith's Lead Cas., and authorities there cited on the law of estoppel. Reference is also made to the laws of Wyoming, 1873, ch. 1; and Bigelow on Estoppel, ch. 3, and cases cited.

*M. C. Brown,* for defendant in error:

It is believed by the defendant in error that the error chiefly relied upon in this case, by plaintiffs in error, is as to the ruling of the court in permitting evidence to be introduced, and in charging the jury in the matter of the two and a half months' rent before referred to. The ruling and instruction of the court was manifestly correct, because if part of a plaintiff's claim is ruled out, for the reason it was premature and not admissible at the time under the pleadings, it afterwards must be treated as if it had never had been included or offered in the case: See Freeman on Judgments, 234, sec. 269, and cases there cited; *Baker* v. *Rand,* 13 Barb. 152; *Harding* v. *Hale,* 2 Grey, 399. This portion of the claim was not involved in the issues in the former trial, being expressly excluded by the order and instruction of the court; therefore, the presentation of such claim (so excluded in the former trial) at this time in this case, cannot cannot be considered *res adjudicata:* Freeman on Judg., 234, sec. 269.

Had the court in the former trial the right to exclude a portion of the claim sued on as premature and not yet due? That such right existed see Freem. on Judg. 233; *Kane* v. *Fisher,* 2 Watts, 246; *Bull* v. *Hopkins,* 7 Johns. 22; 6 Cowen, 261. It may be claimed that while the abstract right exists to exclude from a case a portion of claims not yet due, that

this particular case is one of those, in which such a division and exclusion could not properly be made, and that the court in the former trial erred in its ruling, when excluding a portion of the claim then sued on; on which said portion so excluded this suit is now brought. Was it error of the court in the former trial in so excluding portion of claim? That it was not error, see Lease.

By Court, CAREY, J.: This action was commenced on May 30, 1873, by the defendant in error (plaintiff in the district court) against the plaintiff in error (defendant in the district court) to recover the sum of four hundred and twenty dollars, three months rent claimed to be due on the first day of May, 1873, on a certain lease attached to and made a part of the petition. The answer of the plaintiff in error was a plea in bar, in which it was alleged that the defendant in error had theretofore sued the plaintiff in error in said district court, in "an action for the same debt as in the declaration alleged, and such proceedings were had thereupon in that action that the defendant in error afterward by the judgment of the court recovered against the plaintiffs in error two hundred and seventy-five dollars for said debt, * * * and the said judgment still remains in force." On the trial of the case at bar, verdict was given the defendant in error for the sum of ———, and judgment rendered on the verdict by the court.

The evidence on this trial, in the district court, showed that the case at bar, and the action and judgment plead in estoppel were founded on the same lease; the lease in each instance being made a part of the petition. That the following provisions among others were contained in the lease, viz: This lease commences to run on to-day, the seventeenth day of June, A. D. 1872, and expires on the first day of May, A. D. 1873, with the proviso, etc. The said Bath & Brother (of the plaintiffs in error) agree to pay as rent for all the property herein described, the sum of one hundred

and forty dollars per month, payable in advance. It is further understood and agreed, that in case the said City Brewery is destroyed by storm or fire, the said Bath & Brother are not to be held for rent after that time.

The evidence also showed, that the action in which the judgment plead in estoppel was recovered, was commenced on the thirty-first day of January, 1873, or three months before the time stipulated in the lease for the same to expire, that the said action was brought to recover for the whole time that the lease by its terms was to run, namely, from June 17, 1872, to May 1, 1873, ten and one half months, and that the judge before whom the case was tried, being called upon to construe the lease, instructed the jury: "That it was the intention of the parties thereto that the rent mentioned therein should be due and payable monthly in advance, and that under the terms of said lease the rent became due on the seventeenth day of each month. That the jury could only find for the rent that had become due at the time of the commencement of the suit."

The judge, in the case at bar, instructed the jury that "there is no evidence submitted in the trial of this cause to show that the claim upon which the plaintiff sues has ever been adjudicated. The jury will, therefore, find for the plaintiff and assess his damage at such amount as the jury find him entitled to under the evidence." * * And the judge, on motion of the plaintiffs in error, refused to give the following instructions, to wit: "That the debt sued upon by the plaintiff had been adjudicated as alleged in the plaintiff's answer and shown by the proof on the trial, and that the plaintiff was for that reason not entitled to recover in this action.

The giving of said instructions and refusal to give the instructions requested by the plaintiff in error, are assigned as error. We cannot see how the previous action and recovery can be considered a bar in this action. The construction put upon the lease by the district court in each instance we consider proper and correct. It is true that

the rent claimed in the petition of the defendant in error was included in his petition in the previous action, but it is found from the record of the previous action offered in evidence, that the rent sued for in this action was not due at the commencement of the previous action, and that the judge before whom such previous action was tried, expressly instructed the jury that they should not, in making up a verdict take into consideration any rent falling due on the lease after the institution of the suit. In the absence of anything to show to the contrary, and since the plaintiff in error in the previous action took no exception to the verdict of the jury, it would be a violent presumption for this court to conclude that the jury did consider that which the court ruled should not be considered by them. At the time the former suit was instituted only a portion of the rent was due, and the court gave the jury to understand what that portion was. We know of no rule that would make the previous recovery a bar in this. It would be highly unjust to the defendants in error to hold that by their recovery of certain money in the previous action they are now barred from recovering that which since has become due and was rejected in the previous action because it was not due. Similar questions to the one presented in this case have frequently been decided, and the cases of *Kane* v. *Fisher*, 2 Watts, 246 (Prince, R.); and *Bull* v. *Hopkins*, 7 Johns. 22 (N. Y.), are directly in point.

Judgment of the district court affirmed.