[No. 20426.  In Bank. — September 28, 1888.]

THE PEOPLE, RESPONDENT, *v.* L. WASSERVOGLE, APPELLANT.

CRIMINAL LAW — OBTAINING MONEY UNDER FALSE PRETENSES — INFORMATION. — An information charging the offense of obtaining money under false pretenses in the language of the statute, and particularly setting forth the false pretense, is sufficient   To come within the statute, there must be a representation of some fact, past or present; but it is sufficient if the defendant is accused of obtaining money in exchange for a draft on a New York firm, by a statement that he had credit with the firm named for the amount of the draft, and that the firm would honor the draft, when he knew that he had no credit with the firm, and that the draft would not be honored or paid.

ID. — DEFINITION OF CREDIT. — Credit is the capacity of being trusted or the ability to borrow on the opinion conceived by the lender that he will be repaid; and the claim that the term only implies futurity, and not a present fact, cannot be supported.  It includes "funds."

ID. — DEFINITION OF FALSE PRETENSE. — A false pretense is a representation of some fact or circumstance calculated to mislead, which is not true; or rather, such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value.  The pretense need not be in words, but may be gathered from the acts and conduct of the party.

ID. — OFFENSE HOW CONSTITUTED. — To constitute the offense of obtaining money under false pretenses, four things must appear by averment and proof; viz., there must be an intent to defraud, actual fraud, false pretenses used for perpetrating the fraud, and the fraud must be accomplished by means of the false pretenses as a cause which induced the owner to part with the property.  The evidence in this case held to establish all of these four requisites.

77 173
e138 529

ID. — EVIDENCE. — Testimony is admissible to show that a defendant accused of obtaining money under a false pretense of credit with a particular firm had drawn other drafts on the same firm which had not been paid, as tending to show that he had no credit with the firm, and must have known that the draft in question would not be honored.

APPEAL from a judgment of the Superior Court of Santa Clara County, from an order denying a new trial, and from an order denying a motion in arrest of judgment.

The facts are stated in the opinion.

*W. H. Layson,* for Appellant.

*Attorney-General Johnson,* for Respondent.

BELCHER, C. C. — The defendant was charged with obtaining money under false pretenses, and convicted.   He moved for a new trial, and has appealed from the judgment and order denying his motion.

1. The demurrer to the information was properly overruled.   The offense is charged in the language of section 532 of the Penal Code, and the false pretense is particularly set forth.   It is true that, to come within the statute, a representation must be of some fact, past or present; but the statement of defendant that he had credit with the firm named for the amount of the draft, and that the firm would honor the draft, when he knew that he had no credit with the firm, and that the draft would not be honored or paid, was sufficient.

Among the definitions of the word "credit" are the following: "Credit is confidence or trust reposed in one's ability to pay what he may promise." (Abbott's Law Dict.)   "The ability to borrow, on the opinion conceived by the lender that he will be repaid." (Bouvier's Law Dict.)   "Credit is the capacity of being trusted." (*Dry Dock Bank* v. *Am. Life Ins. and Trust Co.,* 3 N. Y. 356.) And a false pretense has been defined to be " a represe̅n̅t̅

tation of some fact or circumstance calculated to mislead, which is not true." (*Commonwealth* v. *Drew*, 19 Pick. 184.) After quoting this definition, Mr. Bishop says a fuller and practically better one would be: "A false pretense is such a fraudulent representation of an existing or past fact, by one who knows it not to be true, as is adapted to induce the person to whom it is made to part with something of value." (2 Bishop on Criminal Law, sec. 415; and see *People* v. *Jordan*, 66 Cal. 10; 56 Am. Rep. 73.)

The claim that "credit" implies only a future, and not a present fact, cannot be supported.

2. The evidence was sufficient to support the verdict, and the testimony that defendant before this transaction had drawn other drafts on the same firm which had not been paid was admissible, as tending to show that he had no credit with the firm, and must have known that the draft in question would not be honored. The pretense need not be in words; that is, it was not necessary for the defendant to say in so many words that he had funds to his credit with the New York firm. The pretense may be gathered from the acts and conduct of a party. It has been held that the drawing and passing a check on a banker with whom the drawer had no account, and which he knew would not be paid, was a false pretense within the statute. (*Rex* v. *Jackson*, 3 Camp. 370; 2 Bishop on Criminal Law, sec. 430; *People* v. *Donaldson*, 70 Cal. 116.)

It is true, as claimed for appellant, that to constitute the offense charged, four things must concur, and four distinct averments must be proved:—

"1. There must be an intent to defraud;

"2. There must be actual fraud committed;

"3. *False pretenses* must be used for the purpose of perpetrating the fraud; and,

"4. The fraud must be accomplished by means of the false pretenses made use of for the purpose; viz., they

must be the cause which induced the owner to part with his property." (*Commonwealth* v. *Drew*, *supra*.)

We think there was testimony tending to establish all of these four requisites, and therefore that the judgment cannot be reversed for want of evidence.

3. We see no material error in the charge of the court, or in the instructions given and refused. The court used the word "funds," and in this it is claimed that it went outside of the record. But we think the word "credit," as used in the information, includes "funds."

Looking at the whole record, we find no reason for a reversal of the judgment, and therefore advise that it be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.