[Crim. No. 1042. Second Appellate District, Division One.—April 24, 1924.]

## THE PEOPLE, Respondent, v. FREDERICK GRANT WHITE, Appellant.

[1] CRIMINAL LAW—LARCENY—DELIVERY OF CHECK TO DEFENDANT—TITLE—INTENTION.—The complaining witness having delivered his check to defendant in connection with the purchase of certain property described by defendant, but which did not exist in fact, and it having been the intention of the complaining witness that defendant should deposit the check with the title company as part payment on the property, the title to the money did not pass to defendant, neither did it pass out of the complaining witness, and when defendant appropriated the proceeds of such check to his own use, he was guilty of larceny.

[2] ID. — LARCENY BY TRICK OR DEVICE — INTENT TO DEFRAUD — EVIDENCE.—In order to convict a person of the crime of grand

---

2. Intent to convert property to one's own use or to the use of a third person as an element of larceny, note, 12 A. L. R. 804. See, also, 15 Cal. Jur. 906, 954; 17 R. C. L. 24.

Appropriation of property after obtaining possession by fraud, as larceny, note, 26 A. L. R. 381. See, also, 15 Cal. Jur. 899, 905, 920, 927, 937, 939, 958; 17 R. C. L. 13.

larceny by fraud, trick or device, it is necessary that the evidence show that it was his intention at the time he procured the property to defraud the owner out of the same; and in this prosecution, the fact that defendant had no option to purchase the property as represented by him to the complaining witness justified the belief that defendant's intention, at the time he made the false representations, was to defraud the complaining witness out of his money.

[3] ID.—DISHONEST SCHEME TO DEFRAUD—DELIVERY OF WORTHLESS CHECK.—In this prosecution for grand larceny, the fact that defendant, after he received the check of the complaining witness, voluntarily gave the latter his (defendant's) worthless check for a larger sum, did not change defendant's dishonest scheme to obtain the check of the complaining witness into a legitimate transaction.

---

(1) 36 **C. J.**, p. 899, sec. 483.   (2) 36 **C. J.**, p. 771, sec. 127. (3) 36 **C. J.**, p. 912, sec. 497.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Buel R. Wood for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and J. L. Flynn for Respondent.

CURTIS, J.—The defendant was charged with the crime of forgery. An indictment was also filed against him containing six counts, in four of which he was charged with the crime of grand larceny and in the other two with embezzlement. Both cases were tried together and the jury rendered verdicts finding the defendant guilty of all seven charges. Defendant appeals from the judgments entered against him, and also from an order denying his motion for a new trial.

The only argument made by defendant is upon his contention that the evidence is insufficient to support the judgments rendered against him on the four charges of grand larceny. While the facts in support of these four charges are entirely different, in so far as the names of the parties and the amounts involved are concerned, yet the general

plan or scheme followed by the defendant in securing the various sums of money from the several complaining witnesses was practically the same in each of the four transactions. It will not, therefore, be necessary to detail the testimony relating to all four charges, and we will, for the sake of brevity, confine ourselves to a review of the testimony involved in the charge set forth in count one of the indictment. The facts in the case are undisputed, as the defendant offered no evidence in his behalf. The defendant represented to J. Q. Alexander, the complaining witness in count number one, that he had an option on a bungalow, including the furniture, situated at number 4380 Denker Avenue, in the city of Los Angeles, for $6,300, and that $750 would handle it; that he could sell and make from one thousand to fifteen hundred dollars on the deal; that the option would expire at noon on that day; that if Alexander wanted the option he could have it at the price quoted. Thereupon, Alexander gave to the defendant the former's check for $750. Defendant accepted the check and informed Alexander that he would escrow the deal with one of the title companies in said city, and that a card would be received by Alexander in a short time from said title company informing him of said escrow. Just before he left Alexander the defendant voluntarily gave his own check to Alexander for $850, remarking at the time, "I am going to leave you just $100 in excess of your investment, to show you my faith in it." The check for $750 was cashed by the defendant, but he failed to place it, or the money received thereon, or any papers, in escrow as agreed, but converted the proceeds of said check to his own use. The evidence further shows that the defendant had no option to purchase the property, as represented by him to Alexander, nor was there any such property as described by defendant at No. 4380 Denker Avenue, nor was there any such number as 4380 Denker Avenue. Alexander ascertained these facts and endeavored to find the defendant, but learned that he had left the city of Los Angeles. He then presented the defendant's check for $850 to the bank upon which it was drawn for payment, which was refused. Later the defendant returned to Los Angeles and Alexander made numerous attempts to have the defendant repay to him the $750, all of which were unsuccessful. These negotiations continued

for about a month, when the defendant left said city and later was located and arrested at Springfield, Massachusetts, and returned to this state for trial.

[1]  Defendant now contends that these facts are insufficient to support a verdict finding him guilty of the crime of grand larceny. He insists on the other hand that, if he is guilty of any crime, it is that of obtaining money by false pretenses and not grand larceny.  The distinction between the crime of grand larceny, when the property in question is obtained by fraud, trick or device, and the crime of obtaining property by false pretenses, is well established as a matter of law.  It is often difficult to determine from a given state of facts, of which one, if either, of these crimes the accused is guilty.  The law governing this subject is well settled and is stated in *People* v. *Shwartz,* 43 Cal. App. 696–699 [185 Pac. 686], as follows: "In larceny the owner of a thing has no intention to part with his property therein to the person taking it, although he may intend to part with possession.  In false pretenses the owner does intend to part with his property in the money or chattel, but it is obtained from him by fraud.  (*People* v. *Delbos,* 146 Cal. 734 [81 Pac. 131].)"  There is nothing in the evidence in the case before us tending to show that the check given by Alexander to the defendant was at any time to become the property of the latter.  On the other hand, it is quite evident from the testimony in this case that the complaining witness, at the time he delivered this check to the defendant, intended that he should deposit the same in escrow with the title company as part payment on the so-called Denker Avenue property.  The title to the money, therefore, never passed to the defendant, nor did it pass out of the complaining witness.  The title to the money remaining in the complaining witness, it was subject to larceny as his property, and when the defendant appropriated the proceeds thereof to his own use, he was guilty of larceny.  (*People* v. *Delbos, supra.*)  [2]  It should also be stated that in order to convict a person of the crime of grand larceny by fraud, trick or device, that it is necessary that the evidence show that it was his intention at the time he procured the property to defraud the owner out of the same.  The fact that the defendant in this case had no option to purchase the property as represented by him to Alexander would

justify the belief that defendant's intention, at the time he made such false representations, was to defraud Alexander out of his property. No other reasonable conclusion can be drawn from the conduct of defendant. Evidently the jury so construed his actions, and in our opinion there was ample evidence in the case to justify them in so doing.

[3] Defendant intimates that the giving by him of his check for $850 to Alexander in some way changed the nature of the transaction to his advantage. The check was given voluntarily on the part of the defendant and after he had received Alexander's check for $750. A similar device was attempted by the defendant in the case of *People* v. *Tomlinson,* 102 Cal. 19–22 [36 Pac. 506, 507], concerning which the supreme court said, ''The jury was justified in believing that the voluntary presentation of the note was a mere trick to get possession of the money.'' So in the case at bar, the voluntary giving by the defendant of his worthless check was apparently in furtherance of his dishonest scheme to obtain Alexander's check, and did not convert this fraudulent transaction into a legitimate one. We are satisfied that the evidence in all respects supports the judgments.

The judgments and the order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.