[Crim. No. 1218.   Second Appellate District, Division One.—October 30, 1925.]

THE PEOPLE, Respondent, v. FRANK SOLOMON, Appellant.

[1] CRIMINAL LAW—GRAND LARCENY—WITNESSES—CROSS-EXAMINATION—EVIDENCE—NONPREJUDICIAL ERROR.—In a prosecution under an indictment charging the defendant, in four counts, with the crime of grand larceny, where the jury failed to agree as to three of the counts but rendered a verdict of guilty upon one count, if any error was committed by the trial court in sustaining the district attorney's objection to the cross-examination of a witness for the prosecution relating to a conversation between the defendant and the district attorney as to the disposition made by the defendant of certain money he had obtained from one of the prosecuting witnesses and which alleged taking constituted the basis for the three counts of grand larceny upon which the jury had disagreed, such error could not have operated to the prejudice of the defendant.

[2] ID.—OBTAINING MONEY OR PROPERTY BY FALSE REPRESENTATIONS—CONVERSION BY PARTY OBTAINING—TITLE—LARCENY.—Where one person obtains possession of money or property from another upon the representation that it is to be used for a certain purpose, or paid to a particular person, which representation is false and made with fraudulent intent, title to such money or property remains in the giver, even though possession passes to the defendant; and

---

2. Intent to convert property to one's own use or to use of third person as element of larceny, note, 12 A. L. R. 804. See, also, 15 Cal. Jur. 907; 17 R. C. L. 15.

if at the time of obtaining such money or property the defendant harbors the secret purpose of converting the same to his personal use and does so convert the money or property to his personal use and not for the purpose represented, he is guilty of larceny, and in such a case the fraud in the transaction supplies the trespass necessary in larceny.

[3] ID.—SUFFICIENCY OF EVIDENCE—VERDICT.—In this prosecution for grand larceny, there was abundant evidence in the record to justify the finding of the jury necessarily involved in the verdict of guilty that the defendant obtained the money forming the basis of the prosecution from the complaining witness by fraudulent representations, and that at the time he obtained the check of the complaining witness the defendant had no intention of using the money for the purpose represented by him, but, in fact, at that time had in mind the intention to convert it to his own personal use.

[4] ID.—INSTRUCTIONS TO HOLD CHECK — DUTY OF PRESENTATION TO BANK—FRAUD—EVIDENCE.—In such prosecution, where at the time the complaining witness gave his check to defendant and received the check of the latter, the complaining witness was requested by defendant to hold said check until defendant could cash a certain check of a third person held by defendant, at which time he would take up his check from the complaining witness, there was no obligation on the part of the complaining witness to present defendant's check to the bank for payment; and it was not necessary to show that the complaining witness had so presented said check, in order to prove that he was defrauded of his money.

(1) 17 **C. J.**, p. 333, n. 95, p. 334, n. 2.    (2) 36 **C. J.**, p. 734, n. 13, p. 751, n. 64.    (3) 36 **C. J.**, p. 912, n. 42.    (4) 36 **C. J.**, p. 854, n. 80 New.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

Milton G. Gill for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

HAHN, J., *pro tem.*—The grand jury of Los Angeles County returned an indictment charging Frank Solomon, appellant herein, in four counts, with the crime of obtaining

money under false pretense, and also with the crime of grand larceny, in four counts. At the time of trial the district attorney dismissed the four counts charging obtaining money under false pretense, and presented the case to the jury on the four grand larceny counts, three of which alleged the taking of money from one Ralph Marcher, while the fourth, being count eight, alleged the taking of money from one Frederick A. Rose. As to the three Marcher counts, the jury failed to agree, but did return a verdict of guilty upon the Rose count. From the judgment of the court on the verdict of guilty and the order of the court denying his motion for a new trial the defendant appeals.

Appellant urges a reversal of the judgment upon two grounds: First, that the court erred in sustaining the objection of the district attorney to certain questions propounded in cross-examination to one Frank Clayton, who was a witness on behalf of the prosecution; and, second, that the evidence is insufficient to sustain the judgment of conviction of grand larceny.

[1] As to the first point, an examination of the transcript discloses that the witness, Frank Clayton, had testified on direct examination to an alleged conversation between the defendant and the district attorney relating to the disposition made by the defendant of certain money he had obtained from Ralph Marcher and which alleged taking constituted the basis for the three counts of grand larceny upon which the trial jury had disagreed. Upon cross-examination by defendant's counsel, certain questions were asked and which were objected to by the district attorney upon the ground that the questions were not proper cross-examination. It is not necessary to enter into a detailed consideration of the appellant's contention on this point, because if any error was committed by the trial court in sustaining the district attorney's objection, such error could not have operated in any way to the prejudice of the defendant, for the reason that the subject matter of the testimony related wholly and solely to counts other than the one upon which the defendant was found guilty; hence the point raised would have no bearing upon the merits of this appeal.

In support of his second point appellant urges that while the evidence might support a charge of obtaining money

under false pretenses, it falls far short of the requirements necessary to support the crime of grand larceny. A consideration of this point requires a brief summary of such evidence as the record discloses may be regarded as supporting the verdict. (It may be noted at this point that the record shows a conflict in the testimony.) The complaining witness, Frederick A. Rose, had been acquainted with the defendant for some time, during which period the defendant had been engaged as a salesman for a concern selling typewriting supplies. Early in July, 1924, the defendant approached the complaining witness, stating to him that he (the defendant) had an opportunity to purchase a large bankrupt stock of carbon-paper and typewriting supplies at a very low figure, which, if obtained, he could sell at a good profit; that, anticipating that he would be able to obtain this stock, he had negotiated for the sale of a portion of it, and in support of this statement he displayed to the complaining witness a check for $18,000, signed by one Lilah Holliser, and which check the defendant represented was an advance payment on account of a sale to Lilah Holliser; that he could not cash this check until he had secured the stock of goods and delivered the portion he had contracted to sell to Lilah Holliser. Defendant further stated that he did not have sufficient funds to make the purchase, and stated to the complaining witness that if he would furnish him with the sum of $3,000, to be used by him (the defendant) in the purchase of these goods, he (the defendant) would repay the sum of $3,000, with a bonus of $300, in ten days or two weeks, which was the time he suggested would be required in turning over the stock and cashing the $18,000 check.

The complaining witness further testified that, believing and relying upon these statements of the defendant, he gave him a check for $3,000, which was cashed by the defendant. At the time of the delivery of this check, the defendant wrote out a check, payable to the complaining witness, for the sum of $3,300, being the principal advanced with the promised bonus. This check the defendant requested the complaining witness to hold until the stock had been purchased and turned, and the $18,000 check of Lilah Holliser, which had been exhibited to the complaining witness, could be cashed. After the expiration of the ten-day period, when

the complaining witness requested the defendant to take up his check as he had promised, the defendant represented to the complaining witness that Lilah Holliser had written him a letter from San Diego requesting him (the defendant) not to present her check for payment, as she had been unable to accomplish the sale of the goods she had purchased from him and in payment for which she had given him this check. On one occasion when the complaining witness requested payment of the check, the defendant exhibited a telegram which he claimed to have received from Lilah Holliser, requesting him (the defendant) not to cash the check because she had been unable to dispose of the goods; and defendant advised the complaining witness that he had suggested to the said Lilah Holliser that she ship the goods to some other point where she might more readily accomplish the sale.

Lilah Holliser was placed on the stand as a witness for the prosecution, and while her testimony is not direct and in some respects somewhat conflicting—apparently due to the fact that she was an unwilling witness—she does state that she did sign the $18,000 check in question, and which was exhibited to the complaining witness, at the urgent request of the defendant. She stated that the defendant had for some time been selling typewriting supplies to her, she being a public stenographer, and that on this particular occasion the defendant came to her and represented to her that it was necessary for him to make some showing to his creditors in order to obtain credit or an extension of time within which to pay some obligation he owed; that if she would sign this check for $18,000 he could display it to his creditors and thereby obtain the desired credit or extension of time; that he would in a very short time return the check to her, after it had accomplished its purpose; that she did not owe the defendant the sum of $18,000 or any sum, except perchance a small current bill for typewriting supplies purchased by her for use in her business as a public stenographer; that she did not have the sum of $18,000 or any amount approximating that sum on deposit in her bank; that when she signed the check in question it was not the intention on her part, nor was it represented that there was any intention on the defendant's part, that it would be cashed, or that any sum of money whatever would

be paid the defendant on account of the check; that she had not purchased any portion of a bankrupt stock of carbon-paper and typewriting supplies from the defendant for the purpose of resale; nor did she go to San Diego for the purpose of selling any typewriting supplies there; nor did she have any typewriting supplies in San Diego for the purpose of sale; that at the urgent request of the defendant, she did write a letter in which she stated that she owed him the amount of the check which she had signed and she expected to pay it, but that the letter in question was obtained from her by the defendant upon the representation that it would help him out; that the defendant had promised to return this letter to her.

The jury in construing the foregoing testimony, interpreted in the light most favorable to the defendant, could hardly have concluded other than that the defendant, in obtaining the check for $3,000 from the complaining witness, practiced a gross fraud upon him. Nor do we discern anything in appellant's brief that attempts to deny that there is abundant evidence in the record to support the charge of fraud. The emphasis made by the appellant upon the testimony is that the evidence in the record does not furnish the foundation necessary to constitute grand larceny, namely, that the complaining witness did not part with the title to the $3,000 when he gave the check to the defendant.

[2] The rule is well established that where one person obtains possession of money or property from another upon the representation that it is to be used for a certain purpose, or paid to a particular person, which representation is false and made with fraudulent intent, title to such property or money remains in the giver, even though possession passes to the defendant. And if at the time of obtaining such money or property the defendant harbors the secret purpose of converting the same to his personal use, and did so convert the money or property to his personal use and not for the purposes represented, he is guilty of larceny. The fraud in the transaction supplies the trespass necessary in larceny. This question, arising out of circumstances similar to those in the instant case, has had such full and careful consideration by this court, as well as the supreme court of this state, that we feel a reference to the cases wherein this question has been carefully considered will

meet all the requirements of the present case. (*People* v. *Tomlinson,* 102 Cal. 19 [36 Pac. 506]; *People* v. *Shwartz,* 43 Cal. App. 696 [185 Pac. 686]; *People* v. *Delbos,* 146 Cal. 734 [81 Pac. 131]; *People* v. *Edwards,* 72 Cal. App. 102 [236 Pac. 944].) The opinion in the last-cited case, written by Mr. Justice Finlayson, contains such a thorough and clear dissertation upon this question that we commend it as embodying all that we might say upon the subject.

[3] There is abundant evidence in the record to justify the finding of the jury necessarily involved in the verdict, that the defendant obtained the $3,000 from the complaining witness by fraudulent representations and that at the time he obtained the check the defendant had no intention of using the money for the purposes referred to, but, in fact, at that time had in mind the intention to convert it to his own personal use.

All of the essential elements necessary to support the charge of larceny are readily discerned in this case.

[4] The defendant urges that, inasmuch as the complaining witness had never presented the $3,300 check which he received from the defendant to the bank for payment, the evidence lacks the essential element of showing that the complaining witness was defrauded of his money. In other words, that there was no evidence in the record showing that the check was not good for $3,300 and would not have been paid had the same been presented to the bank, and that manifestly if the check was paid the complaining witness was not in any sense defrauded and hence there could be no grand larceny.

The complaining witness testified—and on this point there is no conflict in the record—that when he received the $3,300 check from the defendant he was requested by the defendant to hold the check until he (the defendant) could cash the $18,000 check of Lilah Holliser, at which time the defendant would personally take up his check from the complaining witness. Under these circumstances there was no obligation on the part of the complaining witness to present the check to the bank for payment; nor had he any reason to believe that the bank would pay the check if presented. The contract was definitely and distinctly that the defendant would take up the check.

For the foregoing reasons, the judgment of the court and the order of the court denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 28, 1925, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 28, 1925.

All the Justices present concurred.