[Crim. No. 1880. First Appellate District, Division One.—June 2, 1936.]

THE PEOPLE, Respondent, v. VIRGIL DOWNING et al., Appellants.

Nathan C. Coghlan and Herman D. Gill for Appellants.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellants, together with one F. H. McCann, were accused in an indictment of conspiracy to take property of another through false pretenses and representations. The co-defendant, McCann, was not apprehended and the case proceeded to trial against the two appellants upon their pleas of not guilty. When the evidence of the prosecution was closed a motion was made to advise the jury to acquit on the ground that the charge was not proven. The motion was denied. After a full trial defendants were convicted. Motion for new trial was made and denied. Motion for probation followed. The court granted this motion to each appellant, the probation of Palen being for five years upon condition that he serve a term of six months in the county jail and make restitution, the probation of Downing being for five years upon condition that he serve a term of one year in the county jail and make restitution. Notice of appeal was thereupon given, the appeal being taken from the final judgment and the order denying the motion for a new trial.

It is the claim of respondent that in view of the trial court having granted probation, there has been no final judgment rendered against appellants and therefore any attempted

appeal from such purported judgment must be dismissed. While this is true with reference to the appeal from the judgment, appellants have appealed from the order denying their motion for a new trial in which they claimed, as in the appeal from the judgment, that the verdict is unsupported. They are, therefore, entitled to a hearing upon this motion under section 1237 of the Penal Code. This contention necessitates a review of the evidence. As heretofore indicated appellants at all stages of the proceedings challenged the sufficiency of the evidence.

From the facts it appears that appellant Downing is a licensed broker engaged in the sale of business enterprises. In November, 1934, one Austin M. Huffman visited Downing's office with reference to the purchase of some character of business. Downing informed him appellant Palen and one McCann owned a certain garage as co-partners and that McCann was withdrawing from the co-partnership for the reason that he desired to resume his business of mining engineer; that the business was clearing $300 a month and was selling 3,000 gallons of gas during such period; that the storage of automobiles and gasoline sales took care of the overhead, including the rent, leaving a net profit for all repairs made. Huffman, the prosecuting witness, went to see the garage and there met appellant Palen, who showed Huffman over the premises and repeated to him practically the same statements made by Downing. He represented that the place was selling about 3,000 gallons of gasoline a month and that the car storage and sale of gas paid the overhead, and one-half share of the profits for repairs should be from $150 to $200 a month. He also informed him that if he was not a mechanic or mechanically inclined he did not want him as a partner. Huffman, after inspecting the premises, expressed himself as being satisfied. A few days later the parties met in appellant Downing's office and a contract was prepared by which Huffman agreed to make the purchase of the one-half interest for the sum of $750, $300 to be paid in cash, the balance out of the profits of the business.

Appellant Downing then informed Huffman before he paid his money he wanted him to fully understand that he was making the purchase after investigating the proposition for himself, and that he should not rely upon any statements made to him by himself or any other person. Huffman admitted

at the trial that this was so. An affidavit was drawn up and sworn to by Huffman to the effect that in making the purchase he was buying the same only after an independent and personal investigation, and not through any representations by anyone. The affidavit further recited that in buying the interest he was not relying on the past or present income, but was making the purchase because he had faith in the future of the business. Huffman then paid the $300 as part payment on his purchase price. After remaining in the garage for two weeks Huffman was informed by Palen that they had operated at a loss of thirty-six cents for the period. Huffman then left the premises and this prosecution followed.

The alleged false pretenses charged in the indictment are in substance as follows: that the Park-Presidio Garage was owned and operated by Palen and McCann as co-partners; that it was earning $300 profit a month; that it was sold for $750 upon terms requiring a $300 down payment and the balance in monthly installments; that the garage revenues from the sale of gasoline and storage were sufficient to pay overhead expenses; that Palen kept a complete set of books for the garage, showing collections and disbursements.

■ Primarily it may be stated that in a prosecution of this character the representations to be indictable must be of a past event or an existing fact. No representation of a future event, whether in the form of a promise or an opinion, can be a criminal pretense. The mere expression of opinion or a representation of an act to be performed in the future does not constitute the offense. (*People* v. *Walker*, 76 Cal. App. 192 [244 Pac. 94]; *People* v. *Moore*, 82 Cal. App. 739 [256 Pac. 266].) ■ The only statements here made that come within the rule are those which refer to past profits, and those referring to the sale of gasoline and the storage of cars. With reference to the past earnings of the business, the record is silent, no attempt having been made to show what business had been done or what profits had been enjoyed. With reference to the amount of sales of gasoline, the prosecuting witness admitted that the statements were true. No evidence whatever was introduced as to the amount received from the storage or repair of cars, or what the overhead expenses amounted to at any time, except that certain repairs had been made to cars while the prosecuting witness was a partner, and the amount charged to the owners. It thus ap-

pears that there is no proof of obtaining money by false pretenses relating to a past or existing fact. ■ The case was tried upon the theory that such pretenses had been made. Nor does the record disclose a conspiracy to obtain money by false pretenses. As heretofore stated, the prosecuting witness testified that he made the purchase after full and independent and personal investigation, and relied upon such investigation in making the purchase. Appellants further complain of the action of the trial court in refusing an instruction as to false pretenses, and also of certain remarks concerning the absence of defendant McCann. Considering the conclusion we have reached these questions become unimportant.

The order denying defendants' motion for a new trial is reversed.

Knight, J., and Cashin, J., concurred.