[PHILADELPHIA, JANUARY 7th, 1837.]

*f* GOWER *against* STERNER, and Another.

2wh 75<br>148 507

IN ERROR.

Wharton<br>2 Wh 75<br>205   ¹ 43

1. Parol evidence is admissible to prove, that through the mistake of the scrivener, a clause intended by the parties to be in an agreement for the sale of land, was omitted.
2. In covenant, where there has been a mistake in drawing the articles upon which the action is founded, the plaintiff may declare upon the amended articles, with proper averments, showing the mistake in the original.
3. Where a vendee covenanted in the articles of agreement, to advance as much money to the vendor as would pay for patenting the land, it was *held* in an action against him by the vendor upon the agreement, that he was not entitled to interest on such advance.

UPON a writ of error to the Court of Common Pleas for the county of Northampton, the case was thus:—

Jacob Sterner and Michael Altemus, administrators of the goods, &c. of Michael Sterner, deceased, brought an action of covenant in that court, to April Term, 1835, against John Gower.

The first count of the declaration recited the execution of certain articles of agreement, dated the 14th day of September, 1827, whereby Michael Sterner, the intestate, covenanted " on or before the 1st of November, next ensuing the date, by good and lawful deed or deeds, well and sufficiently to grant, convey and assure unto the said John Gower, his heirs and assigns, in fee simple, clear of all incumbrances, a certain tract of land, situate in said township of Hamilton, beginning at a large black oak tree, a corner of John Young's land, thence in a direct line to the east corner of the house occupied by John Brake, thence by or near the old smithshop to a middle fence, and in the same direction on as far as the said Michael Sterner's land extends, thence along John Jones' line to the line of the old tract, thence to follow the lines of the said old tract to include the whole thereof; and also, all the land belonging to the said Michael Sterner, east and north of the two first mentioned lines or courses, *containing one hundred and forty-five acres.*" In consideration whereof, the said John Gower, &c. covenanted on the execution of the deed or deeds as aforesaid, well and truly to pay or cause *to be paid unto the said Michael Sterner,* his executors, administrators, or assigns, the sum of one thousand dollars, in manner following, to wit: " The amount of the judgment which Rudolph Drach holds against the said Michael Sterner, to be paid on the delivery of said deed, and seventy-five dollars annually until the

(Gower *v.* Sterner.)

remainder is paid. The first to be paid on the first day of April, A. D. 1829, and the said John Gower is to advance as much money to the said Michael Sterner, as will pay for patenting the said tract of land ; and upon his, the said John Gower, paying the money aforesaid, and executing notes or bonds for the payments aforesaid, the said Michael Sterner to give unto the said John Gower possession of the premises." The declaration then proceeded, " And whereas, on the same day and year first aforesaid, at the county aforesaid, and at the time of sealing, signing and delivering of the articles of agreement aforesaid, it was verbally agreed by and between the said Michael Sterner and the said John Gower, that the said tract of land should·be measured according to the metes and bounds in the said articles of agreement mentioned, and the number of acres therein contained precisely determined. And it was then and there further agreed by and between the said John Gower and Michael Sterner, that if the said tract of land should be found to contain more than one hundred and forty-five acres, then the said John Gower should pay to the said Michael Sterner, at the rate of one thousand dollars for one hundred and forty-five acres, for each and every acre that should be contained therein, over and above the said one hundred and forty-five acres therein mentioned as aforesaid ; which said two last mentioned agreements it was then and there intended by the parties should have been inserted in the aforesaid articles of agreement, but were omitted therefrom by the mistake of the scrivener ; and that afterwards, viz. on the first day of October, in the year last aforesaid, at the county aforesaid, the said tract of land was surveyed and the quantity therein contained was ascertained to be one hundred and seventy-two acres and one hundred and fifteen perches, with the usual allowance, &c. And whereas, afterwards, viz. on the same day and year aforesaid, at the county aforesaid, it was further verbally agreed by and between the said Michael Sterner and the said John Gower, that the time for the execution of the said conveyances for a part of the said tract of land, to wit, for one hundred and fifty-nine acres, part thereof as aforesaid, should be changed, and that the same should be made and executed on the twenty-sixth day of November then next, instead of the first day of November then next, as was in and by the said articles of agreement stipulated and provided." The declaration then averred performance on the part of the intestate, the execution and delivery of deeds, &c. and the neglect and refusal of the defendant to perform the contract on his part, or to pay the $1000 for the 145 acres, or for the additional 27 acres and 115 perches contained in the tract, agreeably to the survey, at the rate of $1000 for 145 acres—and then proceeded to negative in detail the performances and payments required of him.

The second count set forth the written contract, and the parol extension of the time for performing it by the execution and delivery

(Gower v. Sterner.)

of the deed for a part of the premises, for which no patent had been obtained until the 26th of November, then next; the performance by the intestate of the contract on his part; and averment of non performance by the defendant.

On the trial before Judge MALLERY, at August Term, 1835, the plaintiff gave in evidence the articles of agreement, mentioned in the declaration, dated the 14th day of September, 1827. Also a deed executed by Michael Sterner, dated the 1st of October, 1827, whereby he conveyed to the defendant 13 acres and 115 perches of land, for the consideration of $100; with a receipt for the purchase money subjoined.

Also, a deed executed by Michael Sterner, dated 21st November, 1827, whereby he conveyed to the defendant, 159 acres of land, for the consideration of $900; with a receipt for the purchase money subjoined.

The plaintiffs then called Michael Meisner, Esq. as a witness, and offered to prove by him and other witnesses;—

" That at the time the article of agreement on which the suit is brought was executed, it was agreed by the parties thereto, that the land agreed to be sold and conveyed by the said Sterner to the said Gower, should be surveyed, and that if the tract should be found to contain more than 145 acres, the surplus should be paid for by the said Gower, at the rate of $1000 for 145 acres, and on the same terms and payments as are mentioned in the said article.

That this was part of the original contract, and the parties directed the scrivener to insert it in the said articles of agreement, and that it was omitted entirely through his mistake. That the defendant has frequently said, both before and since the execution of the deed for the premises in the said article of agreement mentioned, that he had purchased the same at the rate of $1000 for 145 acres, and that he was bound to pay Sterner or his representatives at that rate for the land; and that the sum which he was bound to pay them considerably exceeded one thousand dollars."

To the admission of which evidence, the defendant by his counsel objected, on the ground that such testimony was inadmissible to support an action of covenant, and went to set up a new and distinct contract for the one which was in writing, and wholly inconsistent therewith; and that parol evidence was not admissible in this issue, to vary the written contract between the parties, after the plaintiffs had shown the completion of the contract by the execution and delivery of the deeds for the premises; and that the same was irrelevant to the issue trying.

The court, however, admitted the evidence, and the defendant took a bill of exceptions.

In his charge to the jury, his Honour, the President, told them that

they were entitled to take the parol evidence in connection with the articles of agreement, and the other written evidence in the cause. And that the defendant was not entitled to interest on the money paid by him for patenting the land; it being the construction given by the court to the contract, that the money for patenting was to be the *cash* part of the payment, to be paid down by him.

The defendant excepted also to this charge, and assigned for error,

" 1. The admission of the parol evidence.

2. So much of the charge as instructed the jury that the evidence of the parol variance, alteration or difference in the contract from the written agreement, if credited, was sufficient to sustain the action in the varied form in which such parol evidence presented it to the court and jury.

3. So much of the charge as instructed the jury that the plaintiff in error was not to be allowed interest on the sums advanced for patenting the land, &c. beyond the payments specified in the articles of agreement."

Mr. *Porter*, for the plaintiff in error,—

On the first and second points, cited *Jordan v. Cooper*, (3 *Serg. & Rawle*, 578.) *Vickary v. Moore*, (2 *Watts*, 451.) *Moser v. Libenguth*, (1 *Rawle*, 255; S. C. 2 *Rawle*, 430.) *Iddings v. Iddings*, (7 *S. & Rawle*, 415.) *O'Hara v. Hall*, (4 *Dall.* 340.) *Keagy v. Umberger*, (10 *Serg. & Rawle*, 339.) *M'Dermot v. Ins. Co.* (3 *Serg. & Rawle*, 609.) *Heilner v. Imbrie*, (6 *Serg. & Rawle*, 401.) *Collum v. Hocker*, (1 *Rawle*, 108.) *Bartsch v. Lehigh Co.* (4 *Rawle*, 138.) *Wade v. Howard*, (6 *Pickering*, 492.) *Comstock v. Vandusen*, (5 *Pickering*, 163.) *Richards v. Killan*, (10 *Mass. Rep.* 243.) *Stackpole v. Arnold*, (11 *Mass. Rep.* 29.) *M'Kennan v. Doughman*, (1 *Penns. Rep.* 417.)

On the subject of interest, and the construction of the agreement in respect to advance of money, he cited *Rapelye v. Emory*, (1 *Dall.* 349.) *Dilworth v. Sinderling*, (1 *Binn.* 488.) *Graham v. Williams*, (16 *Serg. & Rawle*, 257.)

Mr. *Hepburn*, for the defendant in error, cited *Jones v. Stratton*, (3 *Atk.* 389.) 1 *Eq. Cas. Abr.* 19. *pl.* 4, 5. *Gratz v. Phillips*, (1 *Penns. Rep.* 361.) *Gillespie v. Moore*, (2 *Johns. Ch. Rep.* 585.) *Getman v. Beardsley*, (*Id.* 274.) *Lyman v. United Ins. Co.* (*Id.* 630.) *Kesselback v. Livingston*, (4 *Johns. Ch. Rep.* 144.) *Rowland v. Oliver*, (4 *Rawle*, 141.) *Bauer v. Roth*, (*Id.* 95.) *Hamilton v. Asslin*, (10 *Serg. & Rawle*, 448.) *Wharf v. Howell*, (5 *Binn.* 499.) *Hall v. Cazenove*, (4 *East*, 477.) *Moliere v. Pennsylvania Fire Ins. Co.* (5 *Rawle*, 342.) *Decamp v. Feay*, (5 *Serg. & Rawle*, 323.) *Murray v.*

_Williamson_, (3 _Binn._ 135.) _Frederick_ v. _Campbell_, (13 _Serg. &._
_Rawle_, 136. S. C. 14 _Serg. &. Rawle_, 293.) ·_Neale_ v. _Thompson_, (4
_Watts_, 405.)

.The opinion of the court was delivered by

Rogers J.—It is a general rule, that parol evidence is admissible
to explain, but not to contradict, alter, add to, or diminish a written
instrument.   But a mistake in any instrument may be rectified, when
it clearly appears from satisfactory evidence that it was reduced to
writing, in terms not comformable to the real intention of the par-
ties.   _Moliere_ v. _Pennsylvania Ins. Co._ (5 _Rawle_, 347.),1 _Ves._ 317.
1 _Atk._ 545.   And there is no reason why the omission of the scriv-
ener to insert a material part of the agreement, should not be
corrected here.   If a mistake is made to appear, a Court of Chan-
cery will reform the instrument, in conformity to the agreement;
and that which a Court of Chancery will do, may be done with us
through the instrumentality of a jury.   There is nothing which
shows that at the execution of the deed, the parties came to any
new agreement.   The consideration expressed in a deed·may be,
and often is contradicted, for it is frequently inserted without any
regard to the real contract.   The contents of the survey were not
calculated· when the parties directed the scrivener to insert the
consideration.   There is nothing in the case inconsistent with the
allegation that the scrivener committed· a mistake in drawing the
articles; and thus the jury have found.

The plaintiff declares on the articles in their amended form, with
proper averments, showing the mistake in committing the contract
to writing.   The action is brought on the covenant or agreement, as
it was in truth made, and this is the proper course, for the mistake
does not avoid the instrument.   The articles still remain, notwith-
standing the error, in full operation between the parties.   And this it
is not doubted may be done in certain cases; for where suit is brought
on a bond or other instrument, it is the constant practice to allow
defendants to protect their interests, by proof of a mistake in reduc-
ing the agreement to writing; and it is difficult to perceive why the
plaintiffs may not avail themselves of the same right: The special.
averments in the declaration, relieve the case from the objections
which were taken in _Barndoller_ v. _Tate_, (1 _Serg. &. Rawle_, 160;)
for although a mistake in drawing articles of agreement.may be
proved by parol evidence, yet in an action of covenant on written
articles, the plaintiff is not at liberty to prove by parol an agreement
different from that on which he declares.   If in fact, as the Chief
Justice says, the parties made a different agreement by parol, that
agreement might be the ground of a different action, but could not
support an action founded on the articles.   By this I understand, that

when there is a subsequent, distinct, and independent agreement by parol, modifying or altering the original contract, covenant will not lie on the articles; and this has been so held in *Vickary* v. *Moore*, (2 *Watts*, 254.) It is there decided that an action of covenant lies on a specialty exclusively, not a specialty modified or enlarged by simple contract. In *Vickary* v. *Moore*, the parties came to a new agreement; and for this reason it was held covenant would not lie. But in this case, there is this material difference, that the suit is brought on the original contract as it was really made. We consider that as done which ought to have been done; and hence covenant on the articles as amended by the parol evidence, is the appropriate remedy.

The remaining objection as to the interest has been but faintly pressed. The sum agreed to be advanced for the patent, appears to have been part of the price of the land, without any intimation in the agreement that interest should be charged. If it had been so intended, it would have been a new stipulation, distinctly provided for in the agreement. Without any stipulation from which this can be inferred, it would be carrying the principle which has governed the Court further than has been heretofore allowed.

Judgment affirmed.