# Hunter & Springer *versus* McHose.

1. In order to enable a party, suing in covenant upon a contract under seal, to prove a parol contemporaneous agreement as part of the contract, he must aver in his declaration either fraud or mistake in omitting such agreement from the terms of the contract.

2. A. brought an action for a breach of a covenant, contained in a contract under seal, to supply to him 250 tons of iron ore, monthly, for three years, from the commencing of certain mining operations. In his declaration he set forth the contract, and further averred that the period for commencing the mining operations was not to be later than a given date, and further that defendant failed to commence said operations before said date, or to furnish any ore to the plaintiff. On the trial, plaintiff put the contract in evidence, and further offered to prove a parol representation by defendant, at the time of the making of the contract, as to the time when he would begin mining operations, without which plaintiff would not have entered into the contract. *Held* that under the averments of the declaration, the offer was inadmissible, and was rightly rejected.

February 28th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Berks county:* of January Term 1881, No. 71.

Covenant, by Daniel S. Hunter and Levi L. Springer, doing business as Hunter & Springer, against Isaac McHose, for breach of a contract under seal to deliver iron ore. The narr., as amended, declared on the following agreement, dated January 18th 1871 :—

. . . . "Witnesseth that the said McHose agrees to furnish the said Hunter & Springer 3,000 tons of iron ore yearly from the Neikirk farm in Franklin county, Pa., at the rate of 250 tons per month, for three years from the time of commencing operations there, delivered on cars at his siding, at the following prices, viz. . . . . . The ore is to be washed with the Bradford screen—and settlements made monthly by a three months note without interest." . . . . The narr. averred that under said agreement the defendant was bound to commence mining operations in the Neikirk farm within a reasonable time after the date of said agreement, and that defendant did not, &c."

The narr. further averred as follows : "And the said plaintiffs aver, that said period of commencing operations at the Neikirk farm as set forth in said indenture, was to be not later than the month of May next following, to wit : May, A. D. 1871, at or about which time the said plaintiffs were to begin and did begin the manufacture of pig-iron at Franklin Furnace aforesaid, and for which said furnace the said 3,000 tons of pipe ore yearly, for the period of three years was intended and pro-

[Hunter *v*. McHose.]

vided, all of which was fully understood and agreed upon, by and between the said defendant and plaintiffs, at the time of making of said indenture. . . . . And the said plaintiffs in fact say that the defendant did not nor would commence operations, that is to say, the mining of ore at the Neikirk farm, within the time limited for that purpose, that is to say, before the first day of June 1871, &c., but on the contrary did not nor would, although often requested, furnish the plaintiffs the said ore washed with the Bradford screen, or any part thereof, and still neglect and refuse so to do."

Plea, covenants performed, absque hoc.

On the trial, before SASSAMAN, J., the contract having been put in evidence, the plaintiff offered, under the above recited count in the narr., to prove, by witnesses present at the time the said contract was written and executed :

"That while said articles of agreement were being prepared, and contemporaneous with the execution of the said agreement of dissolution of the firm of McHose, Hunter & Co., the defendants asked the plaintiffs 'when they expected to resume work at the Franklin Furnace, and would require the ore from the Neikirk farm.' That the witness (Levi L. Springer) replied that they expected to resume work by the month of May following, and that they would then require the ore. That the defendant then promised and agreed to commence operations—that is to say, the mining of ore on the Neikirk farm, immediately, and that he would have a sufficient supply for the plaintiffs, under the terms of the agreement, by the month of May following ; that, except for said promises and undertaking, the plaintiffs would not have entered into said agreement of dissolution, or the agreement in suit, both of which were executed contemporaneously by the parties.

"This evidence is offered for the following purposes :

"1. To show a contemporaneous parol promise and agreement on the part of the defendant, upon the faith of which the plaintiffs entered upon the contract in suit, without which they would not have accepted or executed the same.

"2. To supply an omission in the contract in suit which was occasioned by accident, mistake or inadvertence.

"3. To explain a latent ambiguity in the contract in suit with reference to the time when the defendant was to begin to supply the plaintiffs with ore.

"4. As explanatory of the situation of the parties at the time of the execution of the contract with reference to each other and the subject matter of the contract."

Objected to, on the ground that this being an action of covenant, parol evidence is not admissible to contradict the instrument sued on, and further because the narr. does not a---

that the alleged contemporaneous agreement was omitted from the sealed contract by fraud, accident or mistake. Objections sustained, and offer overruled; exception.

The plaintiffs made other offers, in various forms, of a similar character to the foregoing, to which objections were made, and the offers were in each case overruled.

It was proved that about the end of March or beginning of April 1873, McHose sold to the Minersville Iron Company the ore bank on the Nekirk farm, without reserving any ore rights for Hunter & Springer under his contract with them. The breach of contract by him from that date was not denied, and it was agreed by counsel, for the purposes of the suit, that the damages for such admitted breach should be fixed at $3,000.

Verdict for plaintiffs, for $3,000, and judgment thereon. The. plaintiffs took this writ of error, assigning for error the rejection of their offers of testimony, as above stated.

*John Stewart* (with him *A. G. Green*), for the plaintiffs in error.—In Pennsylvania it is settled law, that evidence of a contemporaneous parol agreement is admissible to explain, modify or contradict a written instrument, where it is shown that, but for such parol stipulation, the written contract would not have been executed: Hoopes *v.* Beale, 7 W. N. C. 337; Greenawalt *v.* Kohne, 4 Norris 375. The rule has been followed in actions of covenant, as well as in assumpsit: Lycoming Ins. Co. *v.* Sailer, 17 P. F. S. 113; Renshaw *v.* Gans, 7 Barr 118; Smith *v.* Farmers & Merchants' Ins. Co., 7 W. N. C. 365; Shepler *v.* Scott, 4 Nor. 329. Covenant is the proper action to bring on a sealed instrument, when the alleged parol variation is antecedent to or contemporaneous with the execution of the sealed contract; otherwise, where the written contract is varied by a subsequent parol agreement, in which case the whole becomes parol.

Moreover, the evidence should have been admitted to render definite the vague expression in the written covenant, " from the time of commencing operations there," and also as res gestæ, explanatory of the situation of the parties at the time of the execution of the contract with reference to each other and the subject matter of the contract: Addison on Contracts 337.

The averment in the narr. of our intention to rely on the parol agreement was sufficient notice to defendant. We did not allege actual fraud, because the fraud did not exist at the time the agreement was entered into, but consists in the present attempt to exclude from the evidence the one essential condition upon which the plaintiffs entered into the covenant. The averment, however, alleges substantially, if not expressly, mistake in omitting the stipulation as to time from the written paper.

[Hunter *v.* McHose.]

*Geo. F. Baer* (with him *Jeff. Snyder* and *D. & J. N. Ermentrout*), for the defendant in error.—In covenant, the plaintiff must recover on the instrument declared on, or fail. He cannot in this action introduce new covenants on the part of defendant by parol evidence, though the plaintiff's stipulations may be waived by parol: Lehigh C. & N. Co. *v.* Harlan, 3 Casey 441 ; Barndollar *v.* Tate, 1 S. & R. 160 ; Lyon *v.* Miller, 12 Harris 392.    The offer was inadmissible under the narr., which contained no averment of fraud, accident or mistake : Clark *v.* Partridge, 2 Barr 13 ; Partridge *v.* Clarke, 4 Barr 166. If there was no fraud in the inception of the contract (as plaintiff admits), there can be none in objecting to the admission of illegal evidence.

Chief Justice SHARSWOOD delivered the opinion of the court, March 13th 1882.

Had the declaration in this case contained the same averment as in Gower *v.* Sterner, 2 Whart. 75,—namely, that the cotemporaneous parol agreement offered to be proved was intended by the parties to have been inserted in the covenant, but was omitted therefrom by the mistake of the scrivener, —there would have been ground for holding that the offer of evidence rejected should have been admitted. Such an averment, if proved, would have justified a reformation of the instrument.    What a chancellor would decree to be done, the courts of this state consider as actually done.    Covenant then would be the proper action upon the instrument as reformed. The plaintiffs, however, contented themselves with declaring on the instrument as they alleged was agreed, without an averment either of fraud or mistake.    This did not meet the exigency of the rule, which requires that the defendant should have distinct notice of the ground upon which the proposed reformation is asked, that he might come prepared to meet it. "I do not consider," said Mr. Justice ROGERS, in Clark *v.* Partridge, 2 Barr 15, "this as a mere technical objection.    It is a matter of some moment to the defendant, to have his cause tried on the only and true issue."    It was held in that case that fraud must be alleged, not merely facts from which a jury might have inferred fraud.    To the same effect is Renshaw *v.* Gans, 7 Barr 117.    Parol evidence is inadmissible to reform a written contract according to the intention of the parties, unless the declaration specially sets forth the fraud as a ground for such reformation.    The same rule applies of course to the case of mistake.    The distinction is well marked between such cases, and those where the parties subsequently agree to a change of the terms.    There, if the agreement is under seal, the effect of the subsequent change by parol, is to make the whole parol—and

[Gunson *v.* Healy.]

assumpsit, not covenant, is the proper form of action: Vicary *v.* Moore, 2 Watts 451.

Judgment affirmed.