[Crim. No. 1538. First Appellate District, Division One.—July 20, 1929.]

THE PEOPLE, Respondent, v. JAMES W. HARRIS, Appellant.

Boyd Oliver for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

THE COURT.—An information was filed in the Superior Court of the City and County of San Francisco charging the defendant with two offenses, namely, the theft of two sums of money from the Robert Dollar Company, which is a corporation engaged in carrying passengers and freight. He was convicted upon the first charge and acquitted on the second. The appeal is from the judgment of conviction and an order denying a motion for a new trial.

It is contended that the verdict is unsupported; that the conduct of the trial judge was prejudicial to the substantial rights of the defendant, and that the court erred in its rulings upon the admissibility of certain evidence.

The defendant was employed as a cashier in the freight department of the company at San Francisco. It was his duty to accept and account for payments of freight charges from the various shippers. The count in the information upon which he was convicted charged him with the theft of $954.98. The evidence shows that on February 7, 1928, this amount was due the company for freight from S. M. Archbald and so charged upon its books; that on that day Archbald, who had received a statement of account from the company, brought to its office for the purpose of paying the account a cashier's check for $1,010.92 which had been issued and made payable to him by the American Trust Company of San Francisco. Defendant's assistant was present at the time, the defendant being temporarily absent. The check was indorsed and presented, but being for more

than the amount due neither the assistant nor the defendant was authorized to pay the difference to Archbald. It was the duty of both under such circumstances to procure this amount from their superior officers either in cash or in the form of a check payable to the debtor. On this occasion the assistant stamped the statement rendered as paid, but declined to accept the check. While the transaction was in progress the defendant returned and the check was delivered to him. Thereupon, accompanied by Archbald, he went to the Pacific National Bank, whose office was situated on the first floor of the building. The defendant entered the bank while Archbald remained at the door. Shortly thereafter the defendant returned with a sum in cash equal to the difference between the charge and the amount of the check, which upon their return to the office of the company the defendant paid to Archbald, who, according to his testimony, also received at that time the receipted statement. The evidence shows that the defendant did not cause the check to be cashed, but that the same was indorsed by him and deposited to his own account in the bank mentioned. The evidence further discloses that on the same day a check for $1,019.14 payable to the company was received from Mitsui & Co. Inc. in payment of certain freight charges entered against the Southern Pacific Company and Overland Freight Company, but in the payment of which it appears that the maker of the check was interested. The amount of this check was entered upon the books of the company in the handwriting of the defendant to the credit of two debit charges against Archbald, one being the charge above referred to for $954.98, the other being for $112.50, and no credit therefor was given either to Mitsui & Co. Inc., the Overland Freight Co. or the Southern Pacific Co. Defendant contends that the discrepancy shown might have been due to errors in bookkeeping, and, further, that it does not appear that the amount paid by Archbald was not received by the company.

That mistake was an element in the transaction was in view of the circumstances improbable. The question was one for the jury, and their conclusion to the contrary is sustained by the evidence. The testimony of an auditor employed by the company shows beyond a reasonable doubt that the amount Archbald paid was never turned in to

the company. ▆ Moreover, no intent to restore nor an actual restoration would constitute a defense to the charge (Pen. Code, secs. 490a, 512, 513).

The record shows nothing which reasonably justifies the contention that the conduct of the trial court was prejudicial to the rights of the defendant, or that he was not given a fair and impartial trial.

▆ The witness Archbald was asked by the defendant on cross-examination whether he understood that his check was cashed by the defendant at the time they together visited the Pacific National Bank. An objection to the question on the ground that it called for a conclusion of the witness was sustained. The error, if any, was not prejudicial as the witness, who testified that he did not enter the bank with the defendant, was permitted to relate fully the conversation between them on that occasion.

▆ Defendant also claims that the prosecution failed to show that he received the check from Mitsui & Co. Inc. The entry of the amount in his handwriting on the books of the company was sufficient to justify the conclusion of the jury in this respect.

▆ The auditor of a bank with which the company deposited its funds testified over objection that he had examined the deposit slips of the company, which he produced in court, covering a period which included and followed February 7, 1928, and that the amount of the Archbald charge, namely $954.98, did not appear thereon. This testimony was relevant to the question whether the amount paid by Archbald was ever deposited by the defendant to the credit of the company and was properly admitted.

▆ There is no merit in the further contention that the jury having acquitted the defendant on the second charge, it follows that the evidence supporting the first— the transactions being similar—was insufficient.

It is our conclusion, after a review of the whole record, that the findings of the jury are fully supported, and that no error is disclosed which can fairly be said to have resulted in a miscarriage of justice.

The judgment and order are affirmed.