[Crim. No. 2423. Second Appellate District, Division One.—September 29, 1933.]

THE PEOPLE, Respondent, v. SAM HURWITZ et al., Appellants.

S. S. Hahn, W. O. Graf and P. O. Clough for Appellants.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

HOUSER, J.—On count one of an indictment, each of the defendants was convicted of the crime of petty theft, and on count two of the same indictment, each of them was convicted of the crime of grand theft. Although the record herein is somewhat uncertain in some important respects, since no question with reference thereto is raised by either of the parties to the appeal, for the purpose of considering the point presented by appellants their appeal will be treated as though no such uncertainty existed.

As is stated by appellants in their opening brief herein, they "raise only one main issue", to wit: "that there was no evidence produced at the trial by the prosecution which would establish, or tend to establish, the crime of embezzlement by the said defendants, or either of them".

Manifestly, it would be impracticable for this court to set forth herein all the evidence adduced on the trial of the action. Somewhat abridged, however, it shows that Brooklyn Knit Sportswear Company, a corporation, had an arrangement with defendant Howard Hurwitz by which the former was to consign, and did consign, to the latter certain merchandise which the latter was authorized to sell for the former and to collect the sales price from the purchasers thereof; which moneys, less an agreed and fixed commission and expense to be paid by the former to the latter, were to be remitted by Howard Hurwitz to said Brooklyn Knit Sportswear Company; that in the conduct of said business, during a period of several years the other defendant, Sam Hurwitz, was engaged with and assisted his brother, Howard. In the month of November, 1932, the business relationship which formerly had thus existed between Howard and Brooklyn Knit Sportswear Company was terminated; and thereafter, under conditions practically identical with those which theretofore had regulated the relationship existing between Howard and Brooklyn Knit Sportswear Company, Sam continued to transact the business for said corporation. However, at the time when Howard ceased to act as agent for the said corporation he was indebted to it in a sum in excess of $1200, which represented the difference between commissions which theretofore had been earned by him under his contract, and his "drawing account", expenses, etc. That indebtedness was not liquidated, but was

one of the items proposed to be taken care of by Sam under his arrangement with the corporation. Shortly after Sam was placed in charge of the business, he collected from each of two purchasers of merchandise belonging to the corporation the respective sums of money which form the basis for the prosecution of defendants for the crimes of which they are accused by the indictment herein.

The essential question involved in a determination by the trial court of the guilt of the defendants was whether they fraudulently appropriated to their own use the moneys which had been paid to Sam for the use and benefit of the corporation. In other words, a determination of the intent of the defendants was the deciding issue in the case. In support of the implied finding by the trial court that the defendants intentionally misappropriated the moneys in question, included within the incriminatory circumstances adduced in evidence, the following important items may be noted: After Sam had collected the money, and at a time when he had it in his possession, he repeatedly stated to the president of the corporation that he had not yet received it, but that when he did receive it he would promptly remit it to the corporation. On one occasion, he said: "You know well enough that money belongs to you; it belongs to Brooklyn Knit; Howard is not my partner. He will never get a cent of it. It belongs to you and you will get it." Furthermore, the evidence shows that against the express orders of his employer, Sam billed merchandise to purchasers thereof, not in the name of the corporation, but in the name of his brother, Howard Hurwitz; that after the money in question had been collected by Sam and deposited by him in a bank to his credit, he closed his personal account with the bank under the name of Sam Hurwitz, and thereafter opened another account in the same bank under the fictitious name of Sam Copeland; and in which account he deposited not only his own money, but as well the money which theretofore he had collected for the use and benefit of the corporation; that thereafter he sent to another brother, Danny Hurwitz, at San Francisco, the sum of $55; which sum he admitted to Danny was the property of the corporation, and at the same time declared to Howard that he did not know "how he was going to face the music" when he

had to pay Brooklyn Knit Sportswear Company. Sam also wrote to Howard that he was "on the danger line now; . . . at his wit's end; . . . that the goose was cooked and couldn't lay any more eggs"; and asked for advice as to the "best move".

It is well-established law that when the facts presented furnish substantial evidence of the guilt of the accused, the circumstance that other evidence tends to show his innocence presents no legal reason for a reversal of the judgment on an appeal therefrom. (*People* v. *Gordon*, 206 Cal. 29 [273 Pac. 568]; *People* v. *Harris*, 100 Cal. App. 78 [280 Pac. 178].)

The fact that the acts of Sam Hurwitz in the premises were knowingly aided and abetted by his brother, Howard, is not denied or disputed.

This court is of the opinion that the evidence adduced on the trial of the action amply justified the conclusion reached by the trial court.

The judgments are, and each of them is, affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 26, 1933.