L. C. ROBERTS v. THE STATE.

No. 20106. Delivered January 25, 1939.

The opinion states the case.

*Shead & Aycock,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is burglary with intent to commit rape. The punishment assessed is confinement in the state penitentiary for a term of ten years.

Appellant strenuously insists that the evidence is insufficient to sustain his conviction of the offense charged. The testimony adduced by the State, briefly stated, is as follows: George Mack and his family lived in a six-room house in the town of Marshall, Texas. He and his wife slept in the back room, their two sons in the middle room, and the two daughters slept in the front room. The youngest of these daughters was twenty years of age. About midnight of December 14, 1937, appellant entered the front room, touched the eldest girl on the knee and thereby awakened her. She told her sister to snap on the light as there was someone in the room. As soon as the light was turned on, appellant fled. The girls screamed and this aroused the father who pursued and overtook appellant. One of the girls in the meanwhile had called the police.

The State offered a purported confession in which appellant admitted that he entered the house by opening the front door for the purpose of "getting some" from Miss Esther Mack, the youngest of the two daughters. Appellant did not testify or offer any affirmative defense.

There is no question as to the unlawful entry of the home by appellant. The only serious question presented is the intent on his part to commit rape. That he desired to have sexual intercourse with prosecutrix seems to us to find support in his confession, but whether he desired to do so by force or without her consent is left entirely to speculation. Esther was over 20 years of age and the only way he could have intended to commit the offense of rape would have been by force—such force as would be necessary to overcome all resistance and allow him to accomplish his purpose. To our minds the evidence fails to show beyond a reasonable doubt that appellant desired to gratify his lust by force, which is one of the essential elements constituting the offense. It is obvious that to constitute the offense charged, two essential elements must be alleged and proved; namely that an unlawful entry was made into the home, and that a specific intent was entertained to have sexual intercourse with a female by force.

The mere burglarious entry into a home with intent to have carnal knowledge of a female over the age of 18 years *with her consent* would not be sufficient to constitute the offense charged.

In this case the evidence merely shows that he desired to have sexual intercourse with Esther, but there is no proof that he intended to do so at all hazards.

We do not deem it necessary to analyze the testimony to demonstrate the correctness of the conclusion arrived at by us as the subject has been fully discussed by the court in the opinion delivered in the following cases. Mitchell v. State, 28 S. W., 475; Dockery v. State, 34 S. W., 281; Coleman v. State, 26 Tex. Crim. Rep., 252; Hays v. State, 86 Tex. Crim. Rep., 469; Allen v. State, 18 Tex. Crim. Rep., 120; Hamilton v. State, 11 Tex. Crim. Rep., 116.

Having reached the conclusion that appellant's contention must be sustained, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.