[Crim. No. 14531.   Second Dist., Div. Two.   Nov. 18, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. THEOPHALUS TURNER, Defendant and Appellant.

Walter L. Weisman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

NUTTER, J. pro tem.*—Appellant was found guilty of grand theft in violation of section 487, subdivision 3, of the Penal Code in a case submitted on the testimony contained in the transcript of the preliminary hearing plus the testimony of the appellant. The facts are largely undisputed. They involve a situation wherein appellant on June 24, 1967, entered into a written contract with a car agency rental of an automobile for two days under a rental agreement of $7 per day plus $.07 a mile. Appellant made a cash deposit of $40 at the time of the rental but gave a false name and identification. Approximately 13 hours after the rental at about 12 a.m. of June 25, appellant was arrested while in possession of the automobile, approximately 20 blocks away from the place of rental.

---

*Assigned by the Chairman of the Judicial Council.

Prosecution witnesses consisted of an employee of the rental agency who made the rental and the owner of the credit card whose name was used by appellant in making the rental agreement. Appellant testified that he purchased the identification. The owner of the credit card testified that his wallet including his credit card had been stolen and he never gave appellant permission to use the card or identification. Appellant used the identification and credit card without the permission of the owner and testified he used the false identification because he believed he could not rent the car on his own identification. Appellant testified that he never intended to deprive the owner of his car and intended to return it on the morning when it was due and had the cash to pay any amount in excess of his deposit.

Appellant contends that the evidence is insufficient to support the verdict on the ground that there was no evidence of a specific intent on his part to deprive the owner of his property wholly and permanently. Appellant also contends that the court erroneously permitted the rental agent to testify that he would not have made the automobile available to appellant if he had known appellant had false identification.

The question to be resolved on this appeal is whether there was substantial evidence to support the conclusion of the trial judge that the appellant acted within the requisite intent. Specifically we must determine if the use of the false identification is sufficient to prove the requisite intent in grand theft. What inferences are reasonably deducible from these facts?

"Upon appeal, the reviewing court is bound to view the evidence most favorably in support of its judgment. (*People* v. *Simpson*, 43 Cal.2d 553, 571 [275 P.2d 31].) But the [trier of fact's] discretion is not absolute." (*People* v. *Bassett*, 69 Cal.2d 122 at p. 137 [70 Cal.Rptr. 193, 443 P.2d 777].)

"'[W]hen a verdict is attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the [trier of fact].'" (*People* v. *Bassett, supra,* at p. 138.)

"In resolving that contention the appellate court is required to determine whether a reasonable trier of fact could have found that the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt. (*People* v. *Hall* (1964) *supra,* 62 Cal.2d 104, 109-110 [41 Cal.Rptr. 284, 396 P.2d 700], citing *People* v. *Huizenga* (1950) 34 Cal.

2d 669, 676 [213 P.2d 710].) ■ The prosecution's burden is a heavy one: 'To justify a criminal conviction, the trier of fact must be reasonably persuaded to a near certainty. The trier must therefore have reasonably rejected all that undermines confidence.' (*People* v. *Hall, supra,* at p. 112.) ■ Accordingly, in determining whether the record is sufficient in this respect the appellate court can give credit only to 'substantial' evidence, i.e., evidence that reasonably inspires confidence and is 'of solid value' . . .'' (*People* v. *Bassett, supra,* at p. 139.)

Respondent cited section 484, subdivisions (b) and (c) of the Penal Code of the State of California as, in essence, creating a presumption of fraud upon the use of false identification in the making of a car rental agreement. However, said sections did not become effective until November 8, 1967 (see 6 Cal. ·Legislative Service 1967, pp. 2347, 2348), and thus are not applicable as trial of this case was completed on September 21, 1967. Obviously we express no opinion as to the constitutionality of this presumption. The legal effect of this presumption is not before us.

■ At the time of trial section 484 contained the following language: ''The presenting of identification to a renter which bears a false or fictitious name or address and failure to return any motor vehicle . . . within 10 days after the lease or rental agreement has expired, shall be prima facie evidence of fraudulent intent. . . .'' The above quoted language requires not only the use of false identification but also a failure to return the vehicle within 10 days after expiration of the term of the agreement. The record reflects that the subject automobile was obtained by the police approximately 13 hours after the making of the rental agreement, obviously less than the two-day period of the agreement. At the time of trial, section 484 created a presumption of a fraudulent intent upon a conjunction of the use of false identification and a failure to return the automobile within the stated time. Under the legislative amendment eliminating the stated time requirement. effective November 8, 1967, there may have been sufficient evidence to convict appellant.

■ ''The taking must be with the *specific intent to steal,* i.e., to appropriate property of another and permanently deprive him of its possession. Unless this is proved there is no larceny. (See *People* v. *Photo* (1941) 45 C.A.2d 345, 353, 114 P.2d 71; *People* v. *Brown* (1894) 105 C. 66, 69, 38 P. 518; *People* v. *Pillsbury* (1943) 59 C.A.2d 107, 111, 138 P.2d 320;

*People* v. *Farmer* (1956) 47 C.2d 479, 482, 304 P.2d 713;
*People* v. *Devine* (1892) 95 C. 227, 229, 30 P. 378; CALJIC,
Nos. 221, 222: Perkins, p. 223; Clark and Marshall, p. 729; 2
Wharton 80; 12 A.L.R. 804; 82 A.L.R.2d 863; infra, § 385.)''
(1 Witkin, Cal. Crimes, § 383, p. 357.)

Of course, the intent must exist at the time of the taking
and carrying away.

''The intent to steal is an intent to deprive the possessor
permanently. One who takes another's property for tem-
porary use or concealment, with the intention of returning it,
is liable in tort for damages but is not guilty of larceny. (See
*People* v. *Brown* (1894) 105 C. 66, 69, 38 P. 518; Perkins, p.
224; Clark and Marshall, p. 730; 2 Wharton 86.)'' (1 Wit-
kin, *supra,* § 384(b), p. 358.)

The intent here must be established by the proof of
the circumstances and facts at the time of the rental with the
use of false identification. The evidence here pointing to the
required intent is less than the joy-riding cases which resulted
in conviction reversals on the ground there was only an intent
for a temporary taking. As a result of these cases new statutes
were enacted to cover ''temporary taking.'' (See 1 Witkin,
*supra,* § 384(b), p. 358.)

In the case of *People* v. *Pillsbury,* 59 Cal.App.2d 107 [138
P.2d 320], conviction for grand theft was reversed where a
defendant obtained possession of an automobile by falsely
stating that he wanted to use the car for the purposes of
selling it. The defendant continued to lie whenever he was
asked to produce the proceeds of the sale or surrender posses-
sion of the car to the owner. The words of the court at pages
111-112 are appropriate here: ''The charge against defendant,
theft, includes the offenses formerly known as larceny, obtain-
ing property by false pretenses and embezzlement. Defendant
contends and the People admit, that a case of false pretenses
does not appear here because defendant obtained no title to
the car. This contention is well taken. Both parties also agree
that the case is not one of embezzlement because the original
taking was the same character as the subsequent detention,
defendant contending that both were innocent and the People
viewing both as fraudulent and wrongful. Either state of the
case would exclude embezzlement from consideration. The
question remaining for consideration, as both parties agree, is
whether a finding that defendant committed larceny by fraud,
trick or device, is supported by the evidence. No doubt the
fraud, trick or device clearly appears here. By his own admis-
sions, defendant is shown to have been an unmitigated liar,

telling a story with no foundation whatever in fact, for the purpose of getting possession of the automobile, and Miss Jerome believed the story and was induced thereby to surrender possession of the car to him, not intending then to part with title. The same can be said of Carl Manikheim, the real owner of the car. Two of the other essential elements of this crime, as they are stated in *People* v. *Edwards* (1925) 72 Cal.App. 102, 112-116 [236 P. 944], clearly appear, that is, that the car was the property of another, and that it was taken into the sole possession of the defendant.

"But another essential ingredient of the offense is an intent, without claim of right or justification, to deprive the owner of his property wholly and permanently. (15 Cal.Jur. 906; *People* v. *Coon* (1940) 38 Cal.App.2d 512, 516 [101 P.2d 565]; *People* v. *Edwards, supra,* at p. 116; *People* v. *Payne* (1931) 117 Cal.App. 108, 111 [3 P.2d 328].) And where, as here, no actual trespass or act of violence is involved in the original taking, the felonious intent must exist at the time of the taking. (15 Cal.Jur. 908; *People* v. *Edwards, supra; People* v. *White* (1924) 66 Cal.App. 703, 706 [226 P. 962].) Looking at the evidence in this case, we are unable to see any such intent.''

The words of the court in *People* v. *Tidmore*, 218 Cal.App. 2d 716 at p. 720 [32 Cal.Rptr. 444] (intent in burglary case), hearing denied by Supreme Court, are appropriate here: '' 'That the circumstances were suspicious may be conceded, but mere surmise and conjecture are not enough.' Since the evidence falls short of the quantum necessary to overcome the presumption of innocence and to meet the burden resting on the prosecution to establish guilt beyond a reasonable doubt, the conviction cannot stand. (See *Roberts* v. *State, supra,* 136 Tex.Cr.Rep. 138 [124 S.W.2d 128]; *Hooks* v. *State,* 154 Tenn. 43 [289 S.W. 529]; *State* v. *Brown* (Mo.) 217 S.W.2d 546; *Dixon* v. *Commonwealth,* 197 Va. 380 [89 S.E.2d 344].)'' See also *People* v. *Bassett, supra,* at p. 139, where the court lists several cases where convictions were reversed for failure to prove a requisite specific intent or other state of mind, including cases involving grand theft and embezzlement.

Accordingly, it is unnecessary to discuss the second contention on appeal.

The judgment is reversed.

Roth, P. J., concurred.

HERNDON, J.—I dissent. The majority opinion correctly

observes that Penal Code section 484, subdivision (b), as amended effective November 8, 1967, provides in pertinent part that the ''intent to commit theft by fraud is presumed . . . if one presents to the owner identification which bears a false or fictitious name or address for the purpose of obtaining the lease or rental agreement.'' In subdivision (c) of the same section it is provided that ''The presumptions created by subdivision (b) are presumptions affecting the burden of producing evidence.''

Evidence Code section 604 provides: ''The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption. Nothing in this section shall be construed *to prevent the drawing of any inference that may be appropriate.*'' (Italics added.)

It is also correctly pointed out by the majority that this case was tried prior to the effective date of the 1967 amendment so that the statutory *presumption* could not have been invoked against the defendant here. And in that connection the following comment is made: ''At the time of trial, section 484 created a presumption of a fraudulent intent upon a conjunction of the use of false identification and a failure to return the automobile within the stated time. Under the legislative amendment eliminating the stated time requirement, effective November 8, 1967, there may have been sufficient evidence to convict appellant.''

In its necessary and unavoidable effect, the holding of the majority is this: that in this case tried *prior* to November 8, 1967, it was improper, *as a matter of law,* for the trier of the fact *to infer* from the proven facts the specific intent which the same trier of fact would be *required to presume* in a case tried *after* the effective date of the amendment, absent evidence which would support a finding of the nonexistence of the presumed fact.

Again referring to the presumption created by the 1967 amendment, the majority state: ''Obviously we express no opinion as to the constitutionality of this presumption. The legal effect of this presumption is not before us.''

However, to hold that the facts constituting the basis of the statutory presumption are insufficient to support a reasonable *inference* of the presumed fact is tantamount to a declaration

that the statutory provision is unconstitutional. As our Supreme Court stated in *People* v. *Stevenson,* 58 Cal.2d 794 797 [26 Cal.Rptr. 297, 376 P.2d 297] : ''The rule is settled that a presumption of one fact from evidence of another is violative of due process if there is no rational connection between the fact proved and the fact presumed. [Citations.] ''

Although I believe that there is a rational connection between the fact declared as the basis for the presumption and the fact to be presumed under the presently effective statute, I agree that the instant case requires no holding which would determine the constitutionality of the presumption in question either expressly or by necessary implication. This is so because in the case at bench the basis for the trial court's finding that appellant entertained the requisite specific intent to steal is not limited to the fact that he obtained possession of the vehicle by the use of false identification. Appellant took the stand and gave testimony designed to explain the reason for his fraudulent course of conduct. A reading of this testimony readily indicates the reasonableness of its rejection by the trial court.

It would be difficult to imagine conduct more dishonest and surreptitious than that of this appellant as disclosed by the instant record. Appellant conceded that he had *''purchased''* the stolen driver's license and credit cards of another person in order to obtain possession of the subject vehicle. This preconceived fraud not only enabled appellant to obtain control of a valuable property but it also precluded the owner from knowing where, or to whom, to look for its recovery.

Although appellant testified, by way of explaining his failure to return the vehicle within the lease period, that he had been arrested by the authorities on another charge on the day following the fraudulently obtained lease, there was no other direct evidence on this point. The employee of the leasing agency testified that the car was not recovered until June 28. 1967, four days after the lease had been executed and two days after the car was due back. Its odometer indicated that it had been driven approximately 300 miles.

Lastly, I am unable to see sufficient similarity in the facts found in *People* v. *Pillsbury,* 59 Cal.App.2d 107 [138 P.2d 320], to render its holding applicable or persuasive in the instant case. In *Pillsbury* the defendant's true identity and residence were known at all times to the owner of the vehicle. The owner's agent was in frequent contact with the defendant while he was in possession of the car and, in fact, the defendant ''surrendered the car to the owner when the latter

needed it for his own use, and the owner at that time agreed that the defendant might sell the car." (Page 112.) In sum, the sole wrong of the defendant in *Pillsbury* was in deceiving the owner as to the prospects of an immediate sale to a specified party whereas he merely hoped to sell it to some then undetermined person and thereby earn a commission. The court could but conclude that "'The course of conduct pursued by [the defendant therein] . . . is not compatible with the ordinary surreptitious activities of a thief.'" (Page 112.)

The credibility of witnesses and the inferences to be drawn from the evidence being within the exclusive province of the trier of fact, I would affirm the reasoning and the judgment of the experienced trial judge herein.

A petition for a rehearing was denied December 4, 1968, and respondent's petition for a hearing by the Supreme Court was denied January 15, 1969. McComb, J., was of the opinion that the petition should be granted.